# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF HIMOUD SAED ABTAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No. 07-cv-1831 (RBW) |
| v. | ) |
| | ) |
| BLACKWATER WORLDWIDE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Subsequent to filing the Second Amended Complaint, undersigned counsel learned from former Blackwater employees and contractors that Blackwater engaged in the deliberate destruction of documents and other physical evidence.[1]  Accordingly, Plaintiffs' motion seeks to amend the complaint to add a claim for spoliation of evidence.  Given that discovery has not yet commenced, the proposed amendment will not prejudice Blackwater in any way.

---

[1] Upon receiving the allegations of spoliation on March 18, 2008, victims' counsel immediately contacted Blackwater counsel by both email and telephone.  Blackwater counsel looked into the matter, and subsequently claimed all appropriate steps to prevent destruction of evidence had been taken.  Victims' counsel wanted information about the details of what had been done to preserve evidence, and wanted to be able to depose a limited number of witnesses thought to have first-hand knowledge.  When Blackwater counsel raised a concern about publicity, victims' counsel offered to resolve this issue outside the public domain.  Blackwater opted not to accept that offer.  Victims' counsel contemplated and discussed with Blackwater counsel filing a motion to expedite discovery, but, upon Blackwater's refusal to consent to such a motion, determined the most appropriate manner to proceed was to amend the complaint and seek discovery immediately upon the commencement of the overall discovery period.

**STATEMENT OF ALLEGATIONS**

Based on information and beliefs provided by former Blackwater employees and contractors, the following acts occurred:

(1) *Destruction of physical evidence relating to the Nisoor Square massacre*

In the normal course of business, Blackwater vehicles were frequently damaged and needed repainting. Blackwater routinely sent its vehicles to another company (believed to be Kellogg Brown Root) for repainting; Blackwater did not conduct the repainting itself.

Departing from this normal course of business, immediately subsequent to the September 16, 2007, massacre, Blackwater obliterated crucial evidence by deliberately and intentionally repainting the vehicles involved in the shooting. Blackwater knew (or clearly should have known) that a direct examination of these vehicles in their original state would be needed during the investigation of the September 16, 2007 massacre. There was no business need or rationale for such immediate repainting. There was no shortage of operational Blackwater vehicles in Iraq. Further, there was no shortage of funds to procure additional operational vehicles if the State Department urgently requested vehicles over and above the number already in Iraq. But the State Department made no such urgent request. By so departing from its normal course of business and repainting the Nisoor Square vehicles immediately for no business reason, Blackwater intentionally destroyed critical evidence.

Blackwater's counsel has indicated that Blackwater intends to defend itself by introducing self-serving Blackwater-created photographs that display holes in the vehicles. Blackwater's spoliation of evidence eviscerates the victims' ability to examine the vehicles and establish for the jury the state of the vehicles on September 16, 2007, or the reasons for their

state. Specifically, it will never be known whether any damage was actually done to the vehicles. Further, even assuming the vehicles were damaged, it will never be known the precise type of damage or cause of damage. For example, counsel has been advised by persons with knowledge that Blackwater shooters involved in the massacre kept prohibited grenades in their vehicles, and that one shooter inadvertently "fragged" his own vehicle with a grenade. But it is now impossible to examine the vehicles to determine if the damage (if any) is consistent with being fragged with a grenade.

### *(2) Shredding of documents*

On or before March 18, 2008, Blackwater executives Gary Jackson and Dave Jackson, as well as unknown others, met in Blackwater's North Carolina compound to discuss the company's legal exposures arising from the ongoing governmental investigations. (Blackwater is under criminal investigation by the United States Attorneys in both the District of Columbia and North Carolina.) During that meeting, Blackwater executives directed that documents be shredded. After that meeting, Blackwater employees shredded an unknown number of documents that related to the company's criminal and civil legal exposures.

## ARGUMENT

Plaintiffs' motion to amend to add the tort of spoliation at this early juncture should be granted. Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be "freely given when justice so requires." Although Blackwater likely will dispute the allegations made by plaintiffs, "[i]f the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the Supreme Court teaches in *Forman*, leave to amend should be granted in the absence of adverse factors such as undue delay, bad faith, prejudice to the

defendants, or futility of the amendment. *See also Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C. Cir. 1981) ("Only limited circumstances justify a district court's refusal to grant such leave to amend: undue delay, bad faith on the part of the moving party, or undue prejudice to the opposing party.")

None of those factors is present here. ***First***, there has been no undue delay or bad faith. Plaintiffs first learned of the various facts relating to the shredding of evidence on or after March 18, 2008. Thereafter, victims' counsel conducted additional investigation and interviews to obtain as much information about both the shredding of the documents and the repainting of the vehicles as was possible without the benefit of formal discovery. Simultaneous with that investigation, victims' counsel sought (unsuccessfully) to persuade Blackwater to participate voluntarily in a limited amount of discovery. When those negotiations proved fruitless, victims' counsel moved forward with this motion. ***Second***, such an amendment does not prejudice Blackwater because Blackwater has not yet answered the Second Amended Complaint, and discovery has not yet begun. ***Third***, the amendment is not futile because the District of Columbia permits the pleading of an independent tort for spoliation of evidence. *See Holmes v. Amerex Rent-A-Car*, 180 F.3d 294, 295 (D.C. Cir. 1999) (quoting *Holmes v. Amerex Rent-A-Car*, 710 A.2d 846 (D.C. 1998); *see also Krieger v. U.S. Dep't of Justice*, 529 F.Supp.2d 29, 60-61 (D.D.C. 2008) (describing elements of cause of action for spoliation of evidence).

Accordingly, the victims respectfully request that the Court should grant their motion for leave to amend.

        /s/ Susan L. Burke
Susan L. Burke (D.C. Bar # 414939)
William T. O'Neil (D.C. Bar # 426107)
BURKE O'NEIL LLC

> 4112 Station Street
> Philadelphia, PA 19127
> Telephone:   (215) 971-5058
> Facsimile:   (215) 482-0874
>
>
> Michael A. Ratner
> Katherine Gallagher
> CENTER FOR CONSTITUTIONAL RIGHTS
> 666 Broadway, 7th Floor
> New York, NY 10012
> Telephone:   (212) 614-6455
> Facsimile:   (212) 614-6499
>
> Shereef Hadi Akeel
> AKEEL & VALENTINE, P.C.
> 401 South Old Woodward Avenue
> Suite 430
> Birmingham, MI 48009
> Telephone:   (248) 594-9595
> Facsimile:   (248) 594-4477
>
> *Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ESTATE OF HIMOUD SAED ABTAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) | Case No. 07-cv-1831 (RBW) |
| v. | ) ) | |
| BLACKWATER WORLDWIDE, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**[PROPOSED] ORDER**

Upon consideration of the Plaintiffs' Motion for Leave to File Amended Complaint, the Motion shall be, and is hereby, granted.

_____
The Honorable Reginald B. Walton
United States District Judge